UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DENNIS CAMPOS, et al.,<br><br>           Plaintiffs,<br><br>     vs.<br><br>BANK OF AMERICA, INC., a corporation, et al.,<br><br>           Defendants. | Case No: C 11-0431SBA<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Docket 22. |

Plaintiffs Dennis Campos and Anitra Campos ("Plaintiffs") commenced the instant action in state court alleging claims in connection with a foreclosure proceeding on their residence, as well as to assert claims on behalf of class members in California similarly situated to Plaintiffs. Compl., Dkt. 1. Defendants removed the action to this Court based on the diversity jurisdiction statute, as amended by the Class Action Fairness Act, 28 U.S.C. § 1332. Notice of Removal, Dkt. 1. The parties are presently before the Court on Defendants' motion to dismiss the first amended complaint ("FAC").[1] Dkt. 22. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS Defendants' motion, for the reasons stated below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

---

[1] The FAC names the following entities as Defendants: Bank of America, Inc., Recon Trust Company, and Bank of New York Mellon (collectively, "Defendants"). See FAC, Dkt. 21.

## I. BACKGROUND

### A. Factual Background

In 2006, Plaintiffs obtained a residential mortgage loan with Benchmark Lending Group ("Benchmark") to purchase property located at 234 Decanter Circle in Windsor, California. FAC ¶ 11, Dkt. 21. As security, Plaintiffs signed a promissory note and deed of trust. Id. ¶ 12; Defendants' Request for Judicial Notice ("Defs.' RJN"), Exh. 3, Dkt. 24.[2] The deed of trust named Fidelity National Title as trustee and Mortgage Electronic Registration Services, Inc. ("MERS") as beneficiary. FAC ¶ 12; Defs' RJN, Exh. 3. After Plaintiffs took possession of the property, Benchmark transferred the loan to Countrywide Home Loans ("Countrywide"). FAC ¶¶ 13-14.

In the summer of 2008, Plaintiffs entered into a loan modification with Countrywide. FAC ¶ 15. On July 1, 2008, Defendant Bank of America, Inc. ("Bank of America") purchased Countrywide. Id. ¶ 16. On October 27, 2009, MERS recorded a Substitution of Trustee, substituting Defendant Recon Trust Company ("Recon Trust") as the new trustee. Defs.' RJN, Exh. 1. Recon Trust is a subsidiary of Bank of America. FAC ¶ 3.

In March 2009, before it was substituted as trustee, Recon Trust recorded a Notice of Default and Election to Sell Under Deed of Trust after Plaintiffs defaulted on their loan payments. Defs.' RJN, Exh. 4. Plaintiffs were served a copy of this document in the summer of 2009. FAC ¶ 22. Recon Trust, however, "intentionally and maliciously failed

---

[2] Defendants request the Court take judicial notice of loan and foreclosure documents on the ground that the documents are public records. See Dkt. 24, Exhs. 1, 3-5. The Court grants Defendants' request. See MGIC Indemn. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986) ("On motion to dismiss, [the court] may take judicial notice of matters of public record outside the pleadings."); Rosal v. First Fed. Bank of Cal., 671 F.Supp.2d 1111, 1112 (N.D. Cal. 2009) (taking judicial notice of foreclosure and other documents recorded in the county's official records). Defendants also request the Court take judicial notice of a "Request for Dismissal in case number MCV208757 in the Superior Court of California, County of Sonoma, dated May 10, 2010." See Dkt. 24, Exh. 2. The Court grants Defendants' request. See Reyna Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (it is appropriate to take judicial notice of court filings and other matters of public record such as pleadings in related litigation); Headwaters Inc. v. United States Forest Service, 399 F.3d 1047, 1051 n. 3 (9th Cir. 2005) (courts may take judicial notice of the docket in related cases as materials from a proceeding in another tribunal are appropriate for judicial notice).

to provide adequate notice of the terms whereby Plaintiffs could reinstate the loan and avoid foreclosure." Id.

On January 13, 2010, Recon Trust sold Plaintiffs' property to Defendant Bank of New York Mellon ("Bank of New York") at a non-judicial foreclosure sale. FAC ¶ 23. On February 16, 2010, Bank of New York filed an unlawful detainer action against Plaintiffs. Id. ¶ 26. Bank of New York claimed it was acting as trustee, not the holder of the beneficial interest in trust. Id. ¶ 29. Bank of New York identified the holder of the beneficial interest in trust as "CWALT," id., which was a trust entity created by Countrywide, Bank of America's predecessor-in-interest. Id. ¶ 4. Fearful of a money judgment and, as a result of Defendants' agreement to drop monetary damages related to any eviction, Plaintiffs "fled the premises" while the unlawful detainer action was pending. Id. ¶ 31. While Plaintiffs allege that they "fled the premises," they concede in their opposition that they agreed to leave the property, i.e., they were evicted, pursuant to a stipulated judgment. Plaintiffs' Opposition at 10 ("Pls.' Opp."), Dkt. 26.[3] By order dated May 10, 2010, the unlawful detainer action filed by Bank of New York was dismissed without prejudice. Defs.' RJN, Exh. 2.

On October 1, 2010, Recon Trust recorded a Notice of Rescission of Trustee's Deed Upon Sale. FAC ¶ 32; Defs.' RJN, Exh. 5. The notice states that the foreclosure sale had been conducted in error "due to a failure to communicate timely notice of conditions which would have warranted a cancellation of the foreclosure sale." FAC ¶ 32. The notice also states that its purpose is "to return the priority and existence of all title and lien holders to the status quo-ante as existed prior to the trustee's sale," and that foreclosure on Plaintiffs home "is hereby rescinded and is and shall be of no force and effect whatsoever, and that Plaintiffs' deed of trust is "in full force and effect." Id. ¶¶ 32-33. The notice, however, was never served on Plaintiffs, nor were Plaintiffs otherwise informed that "the foreclosure

---

[3] See Gospel Missions of America v. City of Los Angeles, 328 F.3d 548, 557(9th Cir. 2003) (courts have discretion to consider statements made in briefs to be binding judicial admissions).

upon their property had been rescinded and that they were rightfully entitled to reclaim possession." Id. ¶ 35.  Further, Defendants did not actually return possession of the property to Plaintiffs.  Id. ¶ 37.  Nonetheless, Plaintiffs acknowledge that they have moved back into their home.  Pls.' Opp. at 10.

**B.     Procedural Background**

On December 22, 2010, Plaintiffs filed a class action complaint against Defendants, alleging that Defendants engaged in the same conduct they directed at Plaintiffs when they "wrongfully foreclosed" on "thousands of other California homes."  Compl. ¶ 41.  The complaint alleges that Defendants' conduct was a "scheme to unlawfully, unfairly, fraudulently and tortiously dispossess persons of their homes."  Id. ¶ 36.  It also alleges that Defendants engaged in misrepresentations regarding the unlawful detainer action for the purposes of dispossessing Plaintiffs of their property.  Id. ¶¶ 32-35.

On behalf of themselves and those similarly situated, Plaintiffs' asserted causes of action for (1) wrongful eviction; (2) civil conspiracy; (3) unfair competition in violation of California Business and Professions Code §§ 17200 et seq. ("UCL"); and (4) unfair competition in violation of the California Unfair Practices Act, California Business and Professions Code §§ 17043 ("UPA").  See Compl.

On January 28, 2011, Defendants removed the action to this Court based on the diversity jurisdiction statute, as amended by the Class Action Fairness Act, 28 U.S.C. § 1332.  Notice of Removal.  On March 2, 2011, Defendants moved to dismiss Plaintiffs' complaint on the ground that it failed to state a claim upon which relief may be granted under Rule 12(b)(6).  See Dkt. 10.  Plaintiffs opposed the dismissal of their wrongful eviction, civil conspiracy and UCL claims, but stipulated to dismissal of their UPA claim. Dkt. 17.

On June 30, 2011, Defendants' motion to dismiss was granted with leave to amend, except with regard to Plaintiffs' claim under the UPA, which was dismissed without leave to amend.  Dkt. 20.  Plaintiffs filed their FAC on July 14, 2011, alleging three causes of action: (1) wrongful eviction; (2) civil conspiracy; and (3) unfair competition and unfair

business practices in violation of the UCL. Dkt. 21. Plaintiffs claim that Defendants have "engaged in a scheme to dispossess Plaintiffs and Class members of their homes despite Defendants' knowledge that the means by which they would and did accomplish this end – to wit, that the actions to evict the Plaintiffs and Class members were based on non-judicial foreclosures that were known by Defendants to be invalid. . . . Defendants' conduct amounted to the tort of wrongful eviction and, in committing that tort, Defendants violated . . . § 17200." Pls.' Opp. at 1. Plaintiffs summarize Defendants' wrongful conduct as follows: "knowingly foreclosing on homes without providing the required pre-foreclosure notice and then unlawfully evicting home owners from their homes pursuant to a foreclosure that was itself based on a notice that wasn't even issued by the authorized trustee." Id. at 21

On July 28, 2011, Defendants filed the instant motion to dismiss. Dkt. 22. Plaintiffs filed an opposition on August 11, 2011. Dkt. 26. A reply was filed on August 18, 2011. Dkt. 29.

## II. DISCUSSION

### A. Legal Standard

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ P. 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant[s] fair notice of what . . . the claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft

v. Iqbal, 129 S.Ct. 1937, 1949 (2009).  Thus, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

In determining whether a complaint states a claim on which relief may be granted, the Court "accept[s] as true all well-pleaded allegations of material fact, and construe[s] them in the light most favorable to the non-moving party."  Daniels–Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010).  However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  In re Gilead Sciences Securities Litigation, 536 F.3d 1049, 1055 (9th Cir. 2008).

The Court's inquiry on a motion to dismiss is generally limited to the allegations in the complaint.  Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008).  "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment."  United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).  Where a complaint or claim is dismissed, leave to amend generally is granted, unless further amendment would be futile.  Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1087-88 (9th Cir. 2002).

B.   **Motion to Dismiss**

As an initial matter, the Court notes that Plaintiffs did not amend their complaint to add a wrongful non-judicial foreclosure claim.  In this Court's June 30, 2011 Order granting Defendants' motion to dismiss with leave to amend, the Court stated that "[a]ccording to the allegations in the complaint, and as further explained in their opposition, Plaintiffs have made some attempt to aver a statutorily deficient non-judicial foreclosure sale due to deficient notice of the conditions that could warrant cancellation of that sale.  Plaintiffs, therefore, may be able to allege a wrongful non-judicial foreclosure claim in violation of California Civil Code §§ 2924 through 2924l."  Dkt. 20.  Thus, Plaintiffs were given leave

to amend their complaint to state a claim for wrongful non-judicial foreclosure. Plaintiffs have failed to do so. Instead, the FAC alleges, among other things, a wrongful eviction claim predicated, in part, on Defendants' failure to comply with § 2924. Accordingly, because the FAC does not allege a wrongful non-judicial foreclosure claim, Plaintiffs will not be given leave, again, to allege a claim for wrongful non-judicial foreclosure.

The Court also notes that while Plaintiffs allege that Defendants violated § 2924, they failed to allege the specific provision of § 2924 that Defendants violated. For instance, Plaintiffs allege that "Recon Trust knowingly failed to provide pre-foreclosure notice complaint with [§ 2924,]" which "requires the foreclosing party to provide the borrower with notice of the terms and conditions whereby the borrower's loan could be reinstated" and foreclosure avoided. See FAC ¶¶ 85-86. Nowhere in the FAC, however, have Plaintiffs identified the specific statutory provision of § 2924 that was allegedly violated. As such, Plaintiffs have not properly pled a violation of § 2924. See, e.g., Kelley v. Mortgage Electronic Registration Sys., Inc., 642 F.Supp.2d 1048, 1057 (N.D. Cal. 2009) (dismissing § 2924 claim because plaintiff failed to identify provision of nonjudicial foreclosure statute that defendant violated).

### 1. Wrongful Eviction Claim

In their opposition brief, Plaintiffs assert that the basis of their wrongful eviction claim is the unlawful detainer action filed by Bank of New York. Defendants contend that dismissal of this claim is appropriate because the FAC is devoid of allegations establishing the elements of a wrongful eviction claim; namely, malice, lack of probable cause, and a favorable termination of the prior proceeding.

A claim for a threatened wrongful eviction is in reality an action for malicious prosecution. Asell v. Rodrigues, 32 Cal.App.3d 817, 824, n. 3 (1973) (citing Gause v. McClelland, 102 Cal.App.2d 762, 764 (1951)). In California, the malicious prosecution plaintiff must plead and prove that the prior proceeding commenced by or at the direction of the alleged malicious prosecution defendant was: (1) pursued to a legal termination favorable to the plaintiff; (2) brought without probable cause; and (3) initiated with malice.

Villa v. Cole, 4 Cal.App.4th 1327, 1335 (1992); Sagonowsky v. More, 64 Cal.App.4th 122, 128 (1998). If a plaintiff cannot establish any one of these three elements, his malicious prosecution action will fail. StaffPro, Inc. v. Elite Show Services, Inc., 136 Cal.App.4th 1392, 1398 (2006).

Malicious prosecution actions are disfavored because of their "potential to impose an undue 'chilling effect' on the ordinary citizen's willingness to . . . bring a civil dispute to court." Sheldon Appel Co. v. Albert & Oliker, 47 Cal.3d 863, 872 (1989). To deter excessive and frivolous lawsuits, the "preferable approach is 'the adoption of measures facilitating the speedy resolution of the initial lawsuit and authorizing the imposition of sanctions for frivolous or delaying conduct within that first action itself.' " Wilson v. Parker, Covert & Chidester, 28 Cal.4th 811, 817 (2002) (quoting Sheldon Appel, 47 Cal.3d at 872).

### a. Probable Cause

Plaintiffs allege that Bank of New York lacked probable cause to commence the unlawful detainer action because Bank of New York knew that the laws governing non-judicial foreclosure, including the law requiring pre-foreclosure notice, had not been complied with. FAC ¶¶ 56-57.

The probable cause element of the malicious prosecution tort is a question of law that turns on whether the underlying claim was "legally tenable, as determined on an objective basis." Estate of Tucker ex rel. Tucker v. Interscope Records, Inc., 515 F.3d 1019, 1031 (9th Cir. 2008) (citing Padres L.P. v. Henderson, 114 Cal.App.4th 495 (2004)). The question for the trial court is whether, on the basis of the facts known to the defendant, the prosecution of the prior action was legally tenable. Sangster v. Paetkau, 68 Cal.App.4th 151, 164 (1998).

Probable cause is determined objectively, i.e., without reference to whether the particular attorney bringing the prior action believed the case was tenable, and the standard of probable cause to bring a civil suit is equivalent to that for determining the frivolousness of an appeal, i.e., probable cause exists if " 'any reasonable attorney would have thought the

**1**  claim tenable.' " Wilson v. Parker, Covert & Chidester, 28 Cal.4th 811, 817 (2002).  Under
**2**  this rather lenient standard, only those actions that any reasonable attorney would agree are
**3**  totally and completely without merit may form the basis for a malicious prosecution suit.
**4**  Id. (quotation marks omitted)

**5**        The Court finds that Plaintiffs have failed to plead facts demonstrating that any
**6**  reasonable attorney would agree that the unlawful detainer action was totally and
**7**  completely without merit.  It is undisputed that Plaintiffs' home was sold to Bank of New
**8**  York at a non-judicial foreclosure sale.  FAC ¶ 23.  It is also undisputed that Bank of New
**9**  York, in its unlawful detainer complaint, alleged that it acquired title to the property
**10** following a non-judicial foreclosure sale held in accordance with § 2924 and that its title
**11** was duly perfected by recording a Trustee's Deed Upon Sale.  Id. ¶ 27.

**12**       "A nonjudicial foreclosure sale is accompanied by a common law presumption that
**13** it 'was conducted regularly and fairly.' "  Melendrez v. D & I Investment, Inc., 127
**14** Cal.App.4th 1238, 1258 (2005).  "This presumption may only be rebutted by substantial
**15** evidence of prejudicial procedural irregularity."  Id.  Where, as here, an unlawful detainer
**16** action is filed after a property has been sold in accordance with § 2924 under a power of
**17** sale contained in a deed of trust and the title under the sale has been duly perfected, the
**18** validity of title has to be resolved in the unlawful detainer action.  See Malkoskie v. Option
**19** One Mortg. Corp., 188 Cal.App.4th 968, 973-974 (2010).  Thus, in such an action, a
**20** defendant can argue that the foreclosure sale was invalid due to improper notice and
**21** irregularities in the foreclosure sale.  See id.

**22**       Here, even assuming Bank of New York knew that the law with respect to pre-
**23** foreclosure notice had not been complied with as Plaintiffs allege, the FAC alleges no facts
**24** demonstrating that Bank of New York knew prior to commencing the unlawful detainer
**25** action that improper notice was prejudicial to Plaintiffs such that any reasonable attorney
**26** would agree that the unlawful detainer action was totally and completely without merit
**27** because the foreclosure sale was invalid.  Knapp v. Doherty, 123 Cal.App.4th 76, 86, n. 4
**28** (2004) (to attack a non-judicial foreclosure sale, a plaintiff must plead an improper

procedure and the resulting prejudice). Indeed, Plaintiffs do not allege that they raised the defense of irregularities in the foreclosure sale (i.e., improper notice) in the unlawful detainer action.

Further, the FAC does not allege that Plaintiffs informed Bank of New York prior to the commencement of the unlawful detainer action that they were willing and able to tender amounts due under the loan, but that Bank of New York nonetheless filed the unlawful detainer action. A defaulted borrower is required to allege tender of the amount of the lender's secured indebtedness in order to challenge irregularity in the sale procedure. See Abdallah v. United Savings Bank, 43 Cal.App.4th 1101, 1109 (1996), cert. denied, 519 U.S. 1081 (1997). "It would be futile to set aside a foreclosure sale on the technical ground that notice was improper, if the party making the challenge did not first make full tender and thereby establish his ability to purchase the property." United States Cold Storage v. Great Western Savings & Loan Assn., 165 Cal.App.3d 1214, 1225 (1985). Here, the absence of allegations of Plaintiffs' tender are fatal to Plaintiffs' assertion that Bank of New York lacked probable cause to commence the unlawful detainer action. Accordingly, because Plaintiffs failed to plead sufficient facts to satisfy this element of their wrongful eviction claim, dismissal of this claim is appropriate.

### b. Favorable Termination

Plaintiffs allege that rescission of the non-judicial foreclosure sale following termination of the unlawful detainer action rendered their eviction null and void, and therefore represents a favorable termination of the unlawful detainer action. See FAC ¶ 59.

In order for the termination of a lawsuit to be considered "favorable" to the malicious prosecution plaintiff, it must be reflective of the merits of the action and of the plaintiff's innocence of the misconduct alleged therein. Casa Herrera, Inc. v. Beydoun, 32 Cal.4th 336, 341-342 (2004). "[A] dismissal resulting from negotiation, settlement or agreement is generally not deemed a favorable termination of the proceedings." Villa, 4 Cal.App.4th at 1335. This is because a dismissal based on settlement generally leaves open the question of the defendant's liability. Id. at 1336. When a termination is not substantive,

but is rather technical or procedural, as is the case with nearly any dismissal from settlement, a malicious prosecution claim does not arise. Casa Herrera, 32 Cal.4th at 342.

Here, the allegations in the FAC do not establish that the unlawful detainer action was terminated in Plaintiffs' favor. It is undisputed that Bank of New York filed an unlawful detainer action against Plaintiffs, expressly alleging the specific facts it contended established it had perfected legal title to the property, including that the foreclosure sale was conducted in accordance with § 2924. FAC ¶ 27. It is also undisputed that the unlawful detainer action was dismissed without prejudice on May 10, 2010, see Defs.' RJN, Exh. 2, after the parties entered into a settlement resulting in a stipulated judgment and the eviction of Plaintiffs. Pls.' Opp. at 10. Thus, because the termination of the unlawful detainer action does not reflect on the merits of the action, it is not a favorable determination. Pender v. Radin, 23 Cal.App.4th 1807, 1814 (1994) (generally, a dismissal resulting from a pretrial settlement does not constitute a favorable termination).

Plaintiffs, for their part, have not cited any authority in support of their position that the unlawful detainer action terminated in their favor based on Recon Trust's decision to rescind the foreclosure sale approximately five months after the unlawful detainer action terminated. Plaintiffs provide no authority holding that such circumstances constitute a favorable termination on the merits sufficient to support a malicious prosecution action.

Accordingly, because Plaintiffs cannot satisfy this element of their wrongful eviction claim, dismissal of this claim is appropriate. Since Plaintiff cannot amend the FAC to cure this deficiency, Plaintiff's wrongful eviction claim is DISMISSED without leave to amend.[4]

**2.  Civil Conspiracy**

As the parties acknowledge, "[c]ivil conspiracy is not an independent tort." Berg & Berg Enters., LLC v. Sherwood Partners, Inc., 131 Cal.App.4th 802, 823 (2005). Rather, it is a "legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its

---

[4] In light of the Court's ruling, the Court need not consider whether the FAC sufficiently alleged the element of malice.

perpetration." Id. The essence of the claim is that "it is merely a mechanism for imposing vicarious liability; it is not itself a substantive basis for liability." Id. As such, a civil conspiracy "does not per se give rise to a cause of action unless a civil wrong has been committed resulting in damage." Doctors' Co. v. Superior Court, 49 Cal. 3d 39, 44 (1989). In other words, a civil conspiracy claim cannot be alleged as a tort separate from the underlying wrong it is organized to achieve.

As set forth above, Plaintiffs have failed to allege a cognizable claim on which to predicate their claim for civil conspiracy. Because the Court has already granted Plaintiffs leave to amend to allege an independently actionable violation of law such as a wrongful non-judicial foreclosure or wrongful eviction, and they have failed to do so, this claim is DISMISSED with prejudice.

### 3. UCL

The UCL makes actionable any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "Each prong of the UCL is a separate and distinct theory of liability." Birdsong v. Apple, Inc., 590 F.3d 955, 959 (9th Cir. 2009). The heightened pleading requirements of Rule 9(b) are applicable to UCL claims. Kearns, 567 F.3d at 1125 (9th Cir. 2009) ("we have specifically ruled that Rule 9(b)'s heightened pleading standards apply to claims for violations of the . . . UCL.").

#### a. Unlawful Practice

"[A]n action based on [the UCL] to redress an unlawful business practice 'borrows' violations of other laws and treats these violations . . . as unlawful practices, independently actionable under section 17200 et seq. and subject to the distinct remedies provided thereunder." Farmers Ins. Exch. v. Super. Court, 2 Cal.4th 377, 383 (1992) (quotations and citations omitted); Chabner v. United Omaha Life Ins. Co., 225 F.3d 1042, 1048 (9th Cir. 2000). The violation of almost any federal, state, or local law may serve as the basis for a UCL claim. Saunders v. Superior Court, 27 Cal.App.4th 832, 838-839 (1994). Where a plaintiff cannot state a claim under the "borrowed" law, he or she cannot state a UCL claim either. See Ingels v. Westwood One Broad. Servs., Inc., 129 Cal.App.4th 1050, 1060

(2005) ("A defendant cannot be liable under § 17200 for committing unlawful business practices without having violated another law.") (internal quotation marks omitted).

Here, Plaintiffs have not pled a cognizable claim on which to predicate their unlawful business practices claim. As discussed above, Plaintiffs have not stated a wrongful eviction claim. Nor have Plaintiffs stated a wrongful foreclosure claim predicated on a violation of § 2924. In the absence of a violation of a borrowed law, this claim fails because it cannot rest on mere alleged irregularities in the foreclosure proceedings. See Hamilton v. Bank of Blue Valley, 746 F.Supp.2d 1160, 1180 (E.D. Cal. 2010) (a UCL claim cannot rest on alleged irregularities in the loan transaction or completed foreclosure proceedings). Accordingly, because the Court has already granted Plaintiffs leave to amend to allege an actionable unlawful business practices claim, and they have failed to do so, this claim is DISMISSED with prejudice.

### b.     Unfair Practice

An unfair business practice under the UCL is "one that either offends an established public policy or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." McDonald v. Coldwell Banker, 543 F.3d 498, 506 (9th Cir. 2008); Glenn K. Jackson Inc. v. Roe, 273 F.3d 1192, 1203 (9th Cir. 2001). Alternatively, an act is "unfair" under the UCL "if the consumer injury is substantial, is not outweighed by any countervailing benefits to consumers or to competition, and is not an injury the consumers themselves could have reasonably avoided." Berryman v. Merit Prop. Mgmt., Inc., 152 Cal.App.4th 1544, 1555 (2006). In Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal.4th 163 (1999), the California Supreme Court cautioned against an overly broad interpretation of "unfair" under the UCL, noting that "[v]ague references to 'public policy,' for example, provide little real guidance." Id. at 185. Thus, "where a claim of an unfair act or practice is predicated on public policy, … Cel-Tech … require[s] that the public policy which is a predicate to the action must be 'tethered' to specific constitutional, statutory or regulatory provisions." Gregory v. Albertson's, Inc., 104 Cal.App.4th 845, 854 (2002).

A plaintiff alleging an "unfair" business practice "must state with reasonable particularity the facts supporting the statutory elements of the violation." Silicon Knights, Inc. v. Crystal Dynamics, Inc., 983 F.Supp. 1303, 1316 (N.D. Cal. 1997) (quoting Khoury v. Maly's of California, 14 Cal.App.4th 612, 619 (1993)). The purpose of California's UCL is "to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services." Kasky v. Nike, Inc., 27 Cal.4th 939, 949 (2002).

Here, Plaintiffs allege that "Defendants' foreclosures upon and evictions of Plaintiffs and others from [their] homes[] was unfair because those foreclosures and evictions "offend established public policy and was immoral, oppressive, unscrupulous, and substantially injurious to home owners and home purchase mortgagors." FAC ¶ 88. More specifically, Plaintiffs allege that Defendants "rush[ed] through foreclosures without paying heed to laws designed to preserve public policies – namely the State's policy favoring home ownership. Pre-foreclosure notice is expressly designed to provide home owners behind on their mortgages with information on how to save their homes from foreclosure. Defendants' neglect in giving notice was designed to thwart reinstatement of loans in order to make foreclosure more likely." Id.

The Court finds that the public policy allegations in the FAC suffer from the same defect as the allegations in the original complaint in that they are too vague to satisfy the requirements of the UCL because they do not state an articulated public policy found in a statute or expressed by an affirmative or specific government enactment.[5] In their opposition brief, Plaintiffs admit that "the reference to 'California's important policy of favoring home ownership' *is* virtually the same" as the allegations in the original complaint that this Court found insufficient. Pls.' Opp. at 18-19 (emphasis in original). However,

---

[5] To the extent Plaintiffs rely on facts asserted in their opposition brief that are not pled in the FAC to oppose Defendants' motion (e.g., a passage published by the California Department of Housing and Community Development), the Court will not consider these facts in determining the propriety of the motion. See Schneider v. Cal. Dep't of Corr., 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998) (in determining the propriety of a Rule 12(b)(6) dismissal, a court may not consider additional facts asserted in a memorandum opposing the motion to dismiss).

1 according to Plaintiffs, "a lengthy description of the policy is unnecessary because it is so
2 well known." Id. at 19. The "shorthand name for this well-known, long established policy
3 is the American Dream." Id. at 21. Plaintiffs claim that the "very statute at issue in this
4 litigation [§ 2924] is designed in part to further the State's pro-home ownership policy." Id.
5 at 19. Further, Plaintiffs contend that "assuming it is necessary to plead the existence of a
6 *legislatively* declared policy that is manifest in a particular enactment, [they] have satisfied
7 the requisite pleading standard by reference . . . to . . . § 2924," which "has a precise legal
8 meaning, but is also clearly reflective of a larger *legislatively* declared policy supporting
9 home ownership." Id. at 20 (emphasis in original).
10 Here, the allegations in the FAC do not state an articulated public policy found in §
11 2924. The FAC does not cite any language from § 2924 articulating a public policy in
12 favor of home ownership. Nor have Plaintiffs otherwise specifically alleged an established
13 public policy that Defendants violated. Indeed, as previously indicated, Plaintiffs have not
14 even identified the specific statutory provision of § 2924 that Defendants allegedly
15 violated. Accordingly, to the extent Plaintiffs' unfair business practice claim is predicated
16 on a violation of established public policy, it is DISMISSED.
17 The Court notes that Defendants' motion to dismiss does not specifically address
18 Plaintiffs' claim that Defendants' foreclosures upon and evictions of Plaintiffs and others
19 from their homes is an unfair business practice because those foreclosures and evictions
20 were "immoral, oppressive, unscrupulous, and substantially injurious to home owners and
21 home purchase mortgagors." Thus, to the extent that Defendants are seeking dismissal of
22 this aspect of Plaintiffs' unfair business practices claim, the Courts finds that such request is
23 unsupported, and therefore, lacks merit. See Indep. Towers of Wash. v. Wash., 350 F.3d
24 925, 929 (9th Cir. 2003) ("Our adversarial system relies on the advocates to inform the
25 discussion and raise the issues to the court.").
26 **III. CONCLUSION**
27 For the reasons stated above, IT IS HEREBY ORDERED THAT:
28

1. Defendants' motion to dismiss is GRANTED. Plaintiffs' wrongful eviction claim, conspiracy claim, and UCL claim under the unlawful prong are DISMISSED without leave to amend. Plaintiffs' UCL claim under the unfair prong is DISMISSED with leave to amend.

2. Plaintiffs shall have twenty-one (21) days from the date this Order is filed to file a second amended complaint consistent with this Order. Plaintiffs are advised that any additional factual allegations set forth in the second amended complaint must be made in good faith and consistent with Rule 11 of the Federal Rules of Civil Procedure. Plaintiffs' second amended complaint shall not include additional claims without prior Court approval.

3. This Order terminates Docket 22.

IT IS SO ORDERED.

Dated: 7/9/12

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge