1

2

3

4                       UNITED STATES DISTRICT COURT

5                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

6                              OAKLAND DIVISION

7

8   DENNIS CAMPOS, et al.,                    Case No:  C 11-0431 SBA

9              Plaintiffs,                     **ORDER DISMISSING
                                               ACTION**
10         vs.

11  BANK OF AMERICA, INC., a corporation,
    et al.,
12
               Defendants.
13

14        On July 11, 2012, the Court issued an Order granting Defendants' motion to dismiss

15  the first amended complaint.  Dkt. 32.  Plaintiffs were given twenty-one (21) days to file a

16  second amended complaint.  Id.  Plaintiffs failed to do so.  On August 20, 2012, the Court

17  issued an Order warning Plaintiffs that this action will be dismissed pursuant to Rule 41(b)

18  of the Federal Rules of Civil Procedure for failure to prosecute and failure to follow a court

19  Order if they do not file a second amended complaint within seven (7) days from August

20  20, 2012.  Dkt. 34.  To date, Plaintiffs have not filed anything in response to the Court's

21  August 20, 2012 Order.

22        An action may be dismissed under Rule 41(b) for failure to prosecute or to comply

23  with a Court Order.  See Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d

24  683, 689 (9th Cir. 2005) (recognizing that a district court may dismiss an action pursuant to

25  Rule 41(b) sua sponte for a plaintiff's failure to prosecute or comply with a court order);

26  Ferdick v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("the district court may dismiss

27  an action for failure to comply with any order of the court").  "In determining whether to

28  dismiss a claim for failure to prosecute or failure to comply with a court order, the Court

1   must weigh the following factors: (1) the public's interest in expeditious resolution of

2   litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to

3   defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public

4   policy favoring disposition of cases on their merits."  Pagtalunan v. Galaza, 291 F.3d 639,

5   642 (9th Cir. 2002).

6          In the instant case, the Court finds that the above-referenced factors weigh in favor

7   of dismissal.  With regard to the first factor, "[t]he public's interest in expeditious resolution

8   of litigation always favors dismissal."  Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th

9   Cir. 1999).  This is particularly true in the instant case where Plaintiffs have impeded the

10  Court's ability to move this case forward by failing to respond to Orders issued by this

11  Court on July 11, 2012 and August 20, 2012.

12         The second factor, the Court's need to manage its docket, also militates in favor of

13  dismissal.  See Pagtalunan, 291 F.3d at 642 ("It is incumbent upon the Court to manage its

14  docket without being subject to routine noncompliance of litigants"); Yourish, 191 F.3d at

15  990 (recognizing court's need to control its own docket); see also Ferdik, 963 F.2d at 1261

16  (non-compliance with a court's order diverts "valuable time that [the court] could have

17  devoted to other major and serious criminal and civil cases on its docket").  The Court

18  cannot manage its docket if it maintains cases where, as here, the Plaintiffs disregard Court

19  Orders and fail to prosecute their case.  The Court must devote its limited resources to cases

20  in which the litigants are actually proceeding.

21         The third factor, the risk of prejudice to the defendants, generally requires that "a

22  defendant . . . establish that plaintiff's actions impaired defendant's ability to proceed to trial

23  or threatened to interfere with the rightful decision of the case."  Pagtalunan, 291 F.3d at

24  642.  At the same time, the Ninth Circuit has "related the risk of prejudice to the plaintiff's

25  reason for defaulting."  Id.  Here, Plaintiffs have offered no explanation for their failure to

26  respond to the Court's July 11, 2012 and August 20, 2012 Orders, nor is any apparent from

27  the record.  These facts weigh strongly in favor of dismissal.  See Yourish, 191 F.3d at 991;

28  Ghazali, 46 F.3d. at 54.

As to the fourth factor, the Court has already considered less drastic alternatives to dismissal.  As noted, the Court sua sponte afforded Plaintiffs another opportunity to file a second amended complaint on August 20, 2012 and warned them that the failure to comply with the Court's Order would result in the dismissal of this action.  "[A] district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions]' requirement."  Ferdik, 963 F.2d at 1262.

The final factor, which favors disposition of cases on the merits, by definition, weighs against dismissal.  Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits.  Thus, this factor weighs against dismissal.").

In sum, the Court concludes that four of the five relevant factors weigh strongly in favor of dismissing this action in its entirety.  Pagtalunan, 291 F.3d at 643 (affirming dismissal where three factors favored dismissal, while two factors weighed against dismissal).  Accordingly,

IT IS HEREBY ORDERED THAT the instant action is DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(b).  The Clerk shall close the file and terminate all pending matters.

IT IS SO ORDERED.

Dated:  11/21/12

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge